# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **WILLIE J. CLEVELAND** | § | |
| | § | **A-18-CV-532 LY** |
| **V.** | § | **(A-15-CR-130 LY)** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Willie J. Cleveland's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 41). The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

On April 19, 2015, Movant Willie J. Cleveland was charged with six counts of bank robbery, and three counts of bank robbery by use of a dangerous weapon, in violation of 18 U.S.C. § 2113(a) & (d). Dkt. No. 14. On July 2, 2015, Cleveland entered a plea of guilty to two counts of bank robbery by use of a dangerous weapon under 18 U.S.C. §§ 2113(a) & (d). Dkt. No. 26. On October 14, 2015, the District Court sentenced Cleveland to 144 months imprisonment, a five-year term of supervised release, and ordered him to pay a $100 special assessment fee for each charge, for a total special assessment of $200. Dkt. No. 37. Cleveland did not file a direct appeal.

On June 25, 2018, Cleveland filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 arguing that (1) he was not placed on adequate notice, and (2) the District Court erred in grouping counts 8 & 9 to increase the base level offense.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for filing a § 2255 motion in federal court. 28 U.S.C. § 2255(f). A § 2255 movant generally must file his claim for relief within one year of the date when his conviction becomes final. *Id.* at § 2255(f)(1). As noted above, the District Court sentenced Cleveland and entered its Judgment on October 14, 2015. When a defendant does not file a direct appeal, as in this case, his conviction becomes final on the day when the time for filing a direct appeal expires. *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012), *cert. denied*, 133 S.Ct. 1282 (2013). Accordingly, Cleveland's conviction became final on October 28, 2015. *See* FED. R. APP. P. 4(b)(1)(A) (a defendant's notice of appeal must be filed in the district court within 14 days after entry of the judgment). Because Cleveland did not file this motion until June 25, 2018, his petition is clearly untimely under § 2255(f)(1).

Cleveland contends that his petition falls within the exception to the one-year statute of limitations located in § 2255(f)(3). Under subsection (f)(3), the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Cleveland relies on the Supreme Court's decision in *Sessions v. Dimaya*, 584 U.S. —, 138 S.Ct. 1204 (2018). In *Dimaya*, the Court was faced with a challenge to the language of 18 U.S.C. § 16(b), which defined a "crime of violence" as "any other offense that . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The Supreme Court, looking to its decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), found the language to be

unconstitutionally vague. However, *Dimaya* is inapplicable to Cleveland's petition. The Supreme Court invalidated the residual clauses in both *Johnson* and *Dimaya* based on two features: (1) the "grave uncertainty about how to estimate the risk posed by a crime," which would require the court not to focus on the "bare statutory elements of an offense"—as required under the categorical approach—but on an "idealized ordinary case of the crime;" and (2) the residual clauses "left unclear what threshold of risk made any given crime a 'violent felony.'" *Dimaya*, 138 S.Ct. at 1213-14. Cleveland was not convicted under 18 U.S.C. § 16(b); nor do §§ 2113(a) or (d) employ the same or similar language found to be vague under *Dimaya* and *Johnson*.[1] Accordingly, Cleveland's petition cannot be salvaged by the exception in subsection (f)(3), and his claims are time-barred.

---

[1] Setting aside the question—which will undoubtedly appear in other motions filed before this Court—as to the applicability of *Dimaya* to other criminal statutes, it clearly does not apply in this case. Compare the language in § 16(b), which requires a court to determine the "substantial risk," with that of §§ 2113(a) and (d). Section 2113(a) provides that:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession or, any bank, credit union, or savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.

Section 2113(d) provides that:

> Whoever, in committing , or attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

As neither statute contains the language invalidated by *Dimaya*—or even similar language—*Dimaya* is inapposite to Cleveland's petition.

## III. RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **DISMISS** Willie J. Cleveland's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. No. 41) as time-barred.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V. CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 24th day of September, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE